# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| OMMEN BROWN, R03687, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MICHAEL MELVIN, Warden, ) <br> Pontiac Correctional Center, ) <br> ) <br> Respondent. ) | No. 18 C 1440 <br> Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Petitioner Ommen Brown filed this habeas petition under 28 U.S.C. § 2254. Respondent Michael Melvin argues that the petition should be dismissed as untimely. For the following reasons, Respondent's motion is granted and Brown's habeas petition is denied.

## Background

In 1998, following a bench trial, Brown was convicted of the aggravated criminal sexual assault and the aggravated kidnapping of a ninth-grade girl. R. 8-4 at 4. He was sentenced to consecutive prison terms totaling forty years as a result of his conviction. *Id.*

Brown appealed his conviction and on April 14, 2000, an Illinois appellate court affirmed Brown's conviction and sentence. *Id.* The Illinois appellate court also denied a petition for rehearing Brown filed on June 9, 2000. R. 13 at 4. Brown did not file a petition for leave to appeal ("PLA") in the Illinois Supreme Court. *Id.*

On August 20, 2001, Brown filed a state post-conviction petition,[1] in which he challenged his conviction and sentence. R. 1 at 3. In May 2013,[2] the state trial court dismissed Brown's petition for post-conviction relief in part. Following an evidentiary hearing, the court denied the petition in full in October 2014. R. 8-5 at 3. On March 30, 2017, the Illinois Appellate Court affirmed. The Illinois Supreme Court denied leave to appeal on January 18, 2018. R. 8-8.

Brown then filed this § 2254 habeas petition on February 14, 2018.[3] R. 1. In his petition, Brown raises three claims. His first two arguments focus on the ineffective assistance of his trial and appellate counsel. R. 1 at 19-32. Brown's third claim challenges the sufficiency of the evidence during trial. *Id*. at 33-40. Respondent argues Brown's petition is untimely. R. 18. The Court agrees.

**Analysis**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §

---

[1] Pursuant to Illinois's "mailbox rule," Brown's state postconviction petition is deemed filed on August 20, 2001, the date that he certified that he mailed the petition. *See People v. Saunders*, 633 N.E.2d 1340, 1341 (Ill. App. Ct. 1994); *see also Ray v. Clements*, 700 F.3d 993, 1004-06 (7th Cir. 2012).

[2] Although it is not entirely clear what caused the delay of almost twelve years, Brown was tried and convicted in another case during this time, which was consolidated for post-conviction purposes with the case at issue in this petition. *See* R. 8-3. It also appears that Brown was appointed at least two post-conviction counsel due to his first counsel's health, which might have contributed to the delay. R. 8-5 at 22.

[3] Brown's petition was file-stamped by the Clerk's Office on February 26, 2018, but the Court follows the mailbox rule.

2

2244(d)(1). Relevant here, the limitation period begins on the date after the conclusion of direct review or the expiration of the time for seeking such review. *See id.* § 2244(d)(1)(A). The time during which a post-conviction petition is pending, however, is not counted toward the limitation period. *Id.* § 2244(d)(2). But if a petitioner fails to file his post-conviction petition within the one-year period of limitation, the post-conviction petition has no tolling effect. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because Brown filed a post-conviction petition, the Court's discussion focuses on whether that post-conviction petition was filed within the one-year limitation period.

The Illinois Appellate Court denied Brown's petition for rehearing on June 9, 2000. Brown then had 35 days, until July 14, 2000, to file a petition for leave to appeal in the Illinois Supreme Court. Ill. Sup. Ct. R. 315(b)(1) (2000) ("If a petition for rehearing is filed, the petition for leave to appeal shall be filed in the Supreme Court within 35 days after the denial of the petition or the entry of the judgment on rehearing."). Brown did not file a petition for leave to appeal. *See* R. 13 at 4. When a habeas petitioner fails to complete a full round of direct review in state court, the judgment of conviction becomes final for purposes of § 2244(d)(1)(A) on the expiration of his time for seeking such review. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Accordingly, the limitations period began on July 15, 2000, one day after Brown's time to file a PLA expired. His federal habeas petition was thus due no later than July 16, 2001 (accounting for the intervening weekend). *See Johnson v. McBride*, 381 F.3d 587, 588 (7th Cir. 2004). Because Brown did not file his post-conviction petition

3

until August 20, 2001, the petition had no tolling effect, and his habeas petition now is untimely.

Brown argues that the statute of limitations to file his habeas petition actually began when the appellate court issued its mandate on August 22, 2000. *See* R. 13 at 2, 4. That argument is incorrect. Brown's PLA deadline ran from the date on which his petition for rehearing was denied. Ill. Sup. Ct. R. 315(b). The appellate court's judgment on direct appeal was final as of June 9, 2000, not the date that the mandate issued. *See Mueller v. Lemke*, 20 F. Supp. 3d 659, 665 (N.D. Ill. 2014) ("a judgment of an Illinois court of review is final on the day on which it is entered and not on the date that the mandate issues"); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002).

Brown also contends that his untimely filing should be excused because he was not made aware of the denial of the petition for rehearing until the mandate issued. R. 19 at 3. Brown states that the clerk of the appellate court failed to issue the mandate on time, and instead issued it two and a half months later. R. 19 at 4. He argues that this delay meant that the clerk did not send notice of the court's decision to the parties on time. *Id.* at 5. The Court treats this argument as a request for tolling under 28 USC § 2244(d)(1)(B), which starts the limitations period for filing a habeas petition from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." A state-created impediment, however, must violate the Constitution or federal law in order to toll the limitations period under section 2244(d)(1)(B). *Holland v. Florida,* 560 U.S. 631, 665

4

(2010). But a "mere isolated incident of negligence" by a clerk's office "does not rise to the level of a constitutional violation actionable under section 1983." *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992); *see also Mueller*, 20 F. Supp. 3d at 666 (a clerk informing the petitioner of the wrong date of judgment was not sufficient to toll the limitations period). Here, the only alleged "impediment" was the failure of the clerk to issue the mandate in a timely manner. Although that may have been negligent, without any evidence of violation of the Constitution or federal law, the Court cannot find that Brown has demonstrated a state-created impediment that tolls his limitations period under section 2244(d)(1)(B).

Regardless, even if the clerk's negligence constituted a state-created impediment, Brown has not established that the negligence prevented him from filing his petition. The Seventh Circuit has established a high bar that petitioners need to overcome to prove a state-created impediment prevented them from timely filing their habeas petitions. *See, e.g., Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005) (public defender's request for an indefinite stay that led to the belated review of petitioner's state post-conviction petition did not qualify as a state-created impediment and did not prevent petitioner from filing a timely habeas petition); *United States ex rel. Andujar v. Pierce*, 2010 WL 4628765, at *3 (N.D. Ill. Nov. 8, 2010) (petitioner did not show how the trial court's failure to notify him of the denial of his post-conviction petition prevented him from filing a timely federal habeas petition). The Court finds Brown is not entitled to statutory tolling under section 2244(d)(1)(B).

Brown's untimely petition cannot be saved by equitable tolling either. Equitable tolling of a statute of limitations is "an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights with reasonable diligence, and (2) that some extraordinary, nearly insurmountable circumstance outside his control stood in his way and prevented timely filing. *Id.* (citing *Holland*, 560 U.S. at 649). Although the Court recognizes that Brown may have received notice of the appellate court's judgment late, he did not receive it so late that he was prevented from filing his post-conviction petition in a timely manner. Even with receiving notice of the judgment in September 2000, Brown still had over nine months to prepare and file his post-conviction petition.

In an earlier motion, Brown argued that his legal documents disappeared, preventing him from filing on time. R. 7. Brown represents that the cause of the disappearance occurred in July 2017, during the time he was filing this habeas petition. *Id.* at 1, 3. As discussed, however, the relevant time period at issue here is the time before Brown filed his post-conviction petition in August 2001. That Brown lost access to his legal documents in 2017 does not change the fact that he failed to file his post-conviction petition on time to toll the limitations period of this habeas petition.

Finally, although the Court sympathizes with Brown's assertion that he lacks an education to understand and file his petition, ignorance is not enough to toll the limitations period. Even for *pro se* prisoner litigants, the Court must adhere to the

6

foundational maxim that "ignorance of the law is no excuse," as oftentimes, prisoner litigants are required to take these matters into their own hands. *See Modrowski v. Mote,* 322 F.3d 965, 968 (7th Cir. 2003) ("We will not revisit our long-standing determination that petitioners bear ultimate responsibility for their filings."). Brown does not indicate any other extraordinary circumstance that would have prevented him from filing on time. Brown's § 2254 petition is not entitled to equitable tolling.

The Court also declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012) ("Habeas Corpus Rule 11(a) requires district judges to decide whether to grant or deny a COA in the first instance."). To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Here, the Court's denial of Brown's petition rests on application of well-settled precedent. Accordingly, certification of Brown's claims for appellate review is denied.

## Conclusion

For these reasons, the Court grants Respondent's motion to dismiss [18] and denies Brown's habeas petition [1]. Brown's renewed motion for attorney representation [7] is denied as moot. As the Court's prior order on this issue stated, counsel is traditionally provided in a habeas corpus proceeding when an evidentiary hearing is needed or if the interests of justice require. *See* R. 5. Because the Court finds Brown's petition is untimely, no hearing is necessary, and appointment of counsel is not warranted.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: February 28, 2019